IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

TOM KLUTHO, )
)
    Plaintiff, )
)
vs. )
)
ONSTAR LLC, ) **JURY TRIAL DEMANDED**
)
    Defendant. )
)
Serve: Registered Agent )
    CSC of St. Louis County, Inc. )
    MC-CSC-1 )
    Suite 690 )
    9666 Olive Boulevard )
    St. Louis County, Missouri 63132-3026 )
)

## CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of himself and all others similarly situated, against Defendant OnStar LLC ("Defendant" or "OnStar").

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

2. Defendant is a Delaware limited liability company registered to do business in Missouri in good standing, with its registered agent and registered office located in St. Louis County, State of Missouri.

3. Personal jurisdiction is proper in Missouri because Defendant has its registered agent and office located in St. Louis County, State of Missouri, because Defendant has committed tortious and statutory violations and harm in St. Louis County, State of Missouri, because Defendant has caused harm to Missouri citizens and residents who live in St. Louis County,

1

because Defendant has caused harm first manifested in St. Louis County, because Defendant is registered to do business in Missouri and because, on information and belief, Defendant does substantial business in Missouri.

4. Venue is proper in this Court under Missouri Revised Statutes § 508.010.

5. Defendant owns and operates a business which provides electronic and radio communications with General Motor automobiles.

6. During 2018, Klutho bought a General Motors Lucerne automobile.

7. During 2018, on or about June 24, 2018, Klutho purchased and contracted for electronic and radio services from Defendant.

8. Defendant then began electronically removing approximately $34.99 per month from Klutho's West Community Credit Union Account.

9. During September, 2018, Plaintiff sold his General Motors Lucerne.

10. On or about September 24, 2018, Plaintiff Tom Klutho contacted Defendant and he cancelled and ended his services from and contract with Defendant.

11. Defendant independently learned that Plaintiff had sold his Lucerne.

12. However, in spite of Tom Klutho cancelling and ending his service contract with Defendant, Defendant continued to remove $34.99 per month from Klutho's credit union account.

13. From approximately September 24, 2018, until at least May of 2019, without just cause, Defendant continued to take $34.99 from Klutho's credit union account without permission or consent.

14. Klutho recently contacted Defendant, pointed out Defendant's wrongful acts, and asking Defendant to refund the monies wrongfully taken from Klutho's credit union account but Defendant said it would not do so and had a policy against doing so.

Electronically Filed - St Louis County - May 18, 2020 - 12:19 PM

## COUNT 1
## (MERCHANDISING PRACTICES ACT)

15. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-14.

16. Defendant is a corporation subject to the Missouri Merchandising Practices Act and subject to the unfair and deceptive practices acts of the many states. **California CAL. BUS. & PROF. CODE § 17200,** *et seq.* **(West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Missouri, Missouri Merchandising Practices Act Chapter 407 R.S.Mo.; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).**

17. Defendant's taking monies from Klutho's credit union account after cancellation constitutes an unfair, misleading, and deceptive practice in violation of the Missouri Merchandising Practices Act and in violation of the similar acts of the many states. See e.g. California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW.

REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Missouri, Missouri Merchandising Practices Act Chapter 407 R.S.Mo.; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

18. Based upon Defendant's statements that it was its policy not to return monies collected after cancellation, Defendant has unlawfully and unjustifiably collected monies from customers after cancellation and refused to return it.

19. Defendant's aforementioned acts constitute an unfair and deceptive act or practice in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including:

20. Defendant has received and obtained possession of Plaintiff's money and that of the Plaintiff Class.

21. Defendant appreciated a benefit from obtaining and possessing Plaintiff's money and that of the Plaintiff Class.

22. Defendant's acceptance and retention of the monies from Plaintiff and from the Plaintiff Class is and was and would be unjust.

23. All conditions precedent to Plaintiff and the Plaintiff Class bringing and prevailing on this claim have been satisfied.

Electronically Filed - St Louis County - May 18, 2020 - 12:19 PM

24. Defendant's misleading and illegal acts alleged were done for a substantial period of time and were done intentionally with the specific intent to profit from the misleading practice.

25. Pursuant to Supreme Court Rule 52.08, this case is proper for a class action of all persons whose contract or services from Defendant were cancelled or terminated or who sold their car with notice to Defendant but Defendant continued to take money from the Plaintiff Class member.

26. The expected number of plaintiffs of the class would at least number in the hundreds and probably number in the many thousands, the class is so numerous that joinder of all members is impracticable.

27. There are questions of law and fact common to the class including the following:

   a. Whether Defendant's acquiring and keeping monies from persons whose contract or services from Defendant were cancelled or terminated was wrongful, misleading, or unjust;

   b. Whether Defendant's acquiring and keeping monies from persons whose contract or services from Defendant were cancelled or terminated constituted deception, fraud, false pretense, false promise, misrepresentation, or an unfair practice of the concealment, suppression, or omission of a material fact;

   c. Whether and to who and how many did Defendant charge and keep monies from customers after contracts and services were terminated and cancelled.

   d. What is the proper measure of actual damages for consumers from whom Defendant took monies after the consumers' contract or services were terminated or cancelled.

28. The claim of Plaintiff Klutho is typical of those of the class.

29. Plaintiff Klutho will adequately represent and protect the interests of the class.

30. Plaintiff's counsel is experienced and successful in class action litigation and litigation in general.

31. The prosecution of separate lawsuits by any of the members of any proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

32. Adjudications of individual member claims would as a practical matter be dispositive of the interests of other members of the class not party to the adjudications or substantially impair or impede their ability to protect their interests.

33. As set forth above, questions of fact and law common to the members of the class predominate over any questions affecting only individual members and a class action is a superior to other available methods for the fair and efficient adjudication of the controversy.

34. The management of the class action should be easy.

35. Judicial economy militates in favor of one class action rather than many lawsuits over gasoline and diesel purchases.

36. All conditions precedent to Plaintiff and Plaintiff Class bringing and prevailing on this claim have been satisfied.

37. All conditions precedent to certification of this class action have been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class to award each member of the Plaintiff Class actual damages which are fair and reasonable, to award prejudgment interest at the statutory rate of 9% per annum, to award punitive damages to the Plaintiff Class in an amount which is fair and reasonable, for the award of taxable court costs, for the award of reasonable attorney fees incurred in prosecuting this action, and for any other relief deemed just.

Electronically Filed - St Louis County - May 18, 2020 - 12:19 PM

## COUNT 2
### (MONEY HAD AND RECEIVED)

38. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-37.

39. All conditions precedent to Plaintiff and Plaintiff Class bringing and prevailing on this claim have been satisfied.

40. All conditions precedent to certification of this class action have been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class to award each member of the Plaintiff Class actual damages which are fair and reasonable, to award prejudgment interest at the statutory rate of 9% per annum, to award punitive damages to the Plaintiff Class in an amount which is fair and reasonable, for the award of taxable court costs, for the award of reasonable attorney fees incurred in prosecuting this action, and for any other relief deemed just.

## COUNT 3
### (UNJUST ENRICHMENT)

41. Plaintiff restates and incorporates by reference the allegations of paragraphs 1-40.

42. All conditions precedent to Plaintiff and Plaintiff Class bringing and prevailing on this claim have been satisfied.

43. All conditions precedent to certification of this class action have been satisfied.

WHEREFORE, Plaintiff and the Plaintiff Class respectfully ask this Court to certify the Plaintiff Class, to enter judgment for the Plaintiff and the Plaintiff Class to award each member of the Plaintiff Class actual damages which are fair and reasonable, to award prejudgment interest at the statutory rate of 9% per annum, to award punitive damages to the Plaintiff Class in an amount

Electronically Filed - St Louis County - May 18, 2020 - 12:19 PM

which is fair and reasonable, for the award of taxable court costs, for the award of reasonable attorney fees incurred in prosecuting this action, and for any other relief deemed just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
    Ronald J. Eisenberg, #48674
    Robert Schultz, #35329
    640 Cepi Drive, Suite A
    Chesterfield, MO  63005
    636-537-4645
    Fax:  636-537-2599
    rschultz@sl-lawyers.com

    *Attorneys for Plaintiff*